**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

STEWART ABRAMSON, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.

SIMPLE HOME 360 INC.

      Defendant.

Case No.
CLASS ACTION
DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Stewart Abramson brings this action under the TCPA alleging that Defendant Simple Home 360 Inc. ("Simple Home 360" or "Defendant") sent him a pre-recorded telemarketing call for purposes of promoting home security goods and services without his prior express written consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Stewart Abramson resides in Pennsylvania.

6. Defendant Simple Home 360 Inc. is a Florida corporation with its principal place of business in this District.

**Jurisdiction & Venue**

7. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

**Statutory Background**

THE TCPA

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA makes it unlawful to make pre-recorded telemarketing calls to the

residential line of the call recipient without the call recipient's prior express written consent. *See* 47 U.S.C. § 227(b).

11. These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

## Factual Allegations

12. Plaintiff Abramson is a "person" as defined by 47 U.S.C. § 153(39).

13. Simple Home 360 is in the home security marketing business.

14. To generate new customers, Simple Home 360 relies on telemarketing.

15. The telemarketing that Simple Home 360 engages in includes the use of pre-recorded messages.

16. Mr. Abramson's number, 412-362-XXXX, is his residential telephone number.

17. There is no business associated with that number.

18. That number is only used for personal calls by Mr. Abramson.

19. On October 19, 2020, the Plaintiff received a pre-recorded message call from the Defendant.

20. The message advertised home security, but did not fully identify the company that was calling.

21. To identify the company, the Plaintiff engaged in the telemarketing solicitation.

22. Mr. Abramson eventually spoke with an individual who identified himself as an employee of Simple Home 360.

23. The agent who identified himself to Mr. Abramson as an employee of Simple Home 360 then did a three-way live transfer of the call to an agent who identified himself as an employee of Safe Streets USA, LLC.

24. Mr. Abramson subsequently verified the involvement of both Simple Home 360 and Safe Streets USA in the telemarketing call that he received, by calling each of those parties directly.

25. Mr. Abramson, and others who received these calls, were temporarily deprived of legitimate use of their phones and their privacy was invaded.

## Class Action Allegations

26. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

27. The proposed class are tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose residential telephone number Defendant, or a third party on their behalf, placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using the same or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

28. The Plaintiff is a member of the class.

29. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

30. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

31. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

32. There are questions of law and fact common to Plaintiff and the proposed class, including:

    a. Whether the Defendant used a pre-recorded message to send telemarketing calls;

    b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

33. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

34. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class and he is represented by counsel skilled and experienced in litigating TCPA class actions.

35. The Defendant's actions are applicable to the class and to Plaintiff.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

37.	The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

### Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting pre-recorded calls to residential phones

38.	The Defendant violated the TCPA by initiating a pre-recorded call to Plaintiff's telephone number assigned to the Plaintiff's residential line without prior express written consent.

39.	The Defendant's violations were willful or knowing.

40.	The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using pre-recorded messages to call individuals, absent an emergency circumstance.

### Relief Sought

Plaintiff requests the following relief:

A.	That the Court certify the proposed class;

B.	That the Court appoint Plaintiff as class representative;

E.	That the Court appoint the undersigned counsel as counsel for the class;

F.	That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G.	That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

**Stewart Abramson**, individually and on behalf of those similarly situated individuals

Dated: November 16, 2020

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*