# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

STEWART ABRAMSON, individually
and on behalf of a class of all persons and
entities similarly situated,

       Plaintiff,

vs.                                                                                                             Case No. 20-cv-62325

SIMPLE HOME 360 INC. and
SAFE STREETS USA LLC

       Defendants.

## **FIRST AMENDED CLASS ACTION COMPLAINT**

### **Preliminary Statement**

1.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.     Plaintiff Stewart Abramson brings this action under the TCPA alleging that Defendant Simple Home 360 Inc. ("Simple Home 360" or "Defendant") sent him a pre-recorded telemarketing call for purposes of promoting Safe Streets USA LLC's home security services without his prior express written consent.

1

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Stewart Abramson resides in Pennsylvania.

6. Defendant Simple Home 360 Inc. is a Florida corporation with its principal place of business in this District.

7. Defendant Safe Streets USA LLC is a Delaware limited liability company with its principal place of business in Gaynor, NC.

**Jurisdiction & Venue**

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because the telemarketing calls at issue were sent from this District.

**Statutory Background**

THE TCPA

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA makes it unlawful to make pre-recorded telemarketing calls to the residential line of the call recipient without the call recipient's prior express written consent. *See* 47 U.S.C. § 227(b).

12. These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

**Factual Allegations**

13. Safe Streets offers home alarm services for ADT.

14. However, Safe Street's contact with the general public is limited, and it instead relies on a series of calling companies, such as Simple Home.

15. To increase its sales, and as part of a general cold-call based marketing scheme, Simple Home markets ADT's services for Safe Streets using pre-recorded voice calls to consumers.

16. Plaintiff Abramson is a "person" as defined by 47 U.S.C. § 153(39).

17. Simple Home 360 is in the home security marketing business.

18. To generate new customers, Simple Home 360 relies on telemarketing.

19. The telemarketing that Simple Home 360 engages in includes the use of pre-recorded messages.

20. Mr. Abramson's number, 412-362-XXXX, is his residential telephone number.

21. There is no business associated with that number.

22. That number is only used for personal calls by Mr. Abramson.

23. On October 19, 2020, the Plaintiff received a pre-recorded message call from the Defendant.

24. The message advertised home security, but did not fully identify the company that was calling.

25. To identify the company, the Plaintiff engaged in the telemarketing solicitation.

26. Mr. Abramson eventually spoke with an individual who identified himself as an employee of Simple Home 360.

27. The agent who identified himself to Mr. Abramson as an employee of Simple Home 360 then did a three-way live transfer of the call to an agent who identified himself as an employee of Safe Streets USA.

28. Mr. Abramson subsequently verified the involvement of both Simple Home 360 and Safe Streets USA in the telemarketing call that he received, by calling each of those parties directly.

29. Mr. Abramson, and others who received these calls, were temporarily deprived of legitimate use of their phones and their privacy was invaded.

**Safe Street's Liability for Simple Home's Conduct**

30. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

31. In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically

recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

32. In fact, the Federal Communication Commission has instructed that sellers such as Safe Streets may not avoid liability by outsourcing telemarketing to third parties, such as Simple Home:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

33. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

34. Safe Streets is liable for Simple Home conduct because it controls the manner and means of its telemarketing methods by:

      a)    acquiescing to their business mode of using a call center;

      b)    advising them that they could use third parties to assist in the telemarketing;

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

c)     requiring that Safe Streets approve all scripting of telemarketing work;

d)     instructing them on the geographic regions they can make calls into; and

e)     providing qualifications for ADT customers to be sent to Safe Streets.

35. Safe Streets knew (or reasonably should have known) that Simple Home was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.

36. Any reasonable seller that accepts telemarketing call leads from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA rules and regulations.

37. Indeed, Safe Streets has previously been sued for the telemarketing conduct of its vendors.

38. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

### Class Action Allegations

39. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

40. The proposed class are tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose residential telephone number Defendant, or a third party on their behalf, placed a telemarketing call (2) for Safe Streets (3) within the four years prior to the filing of the Complaint (4) using the

same or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

41. The Plaintiff is a member of the class.

42. Excluded from the class are the Defendants, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

43. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

44. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

45. There are questions of law and fact common to Plaintiff and the proposed class, including:

    a. Whether Simple Home used a pre-recorded message to send telemarketing calls;

    b. Whether Safe Streets is vicariously liable for the conduct of Simple Home;

    c. Whether the Defendants placed telemarketing calls without obtaining the recipients' valid prior express written consent; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

46. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

47. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class and he is represented by counsel skilled and experienced in litigating TCPA class actions.

48. The Defendants' actions are applicable to the class and to Plaintiff.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendants and others.

50. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting pre-recorded calls to residential phones

51. The Defendants violated the TCPA by initiating a pre-recorded call to Plaintiff's telephone number assigned to the Plaintiff's residential line without prior express written consent, or by the fact that it was done on their behalf.

52. The Defendant's violations were willful or knowing.

53. The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendants from using pre-recorded messages, or anyone to do it on their behalf, to call individuals, absent an emergency circumstance.

.

## Relief Sought

Plaintiff requests the following relief:

A. That the Court certify the proposed class;

B. That the Court appoint Plaintiff as class representative;

E. That the Court appoint the undersigned counsel as counsel for the class;

F. That the Court enter a judgment permanently enjoining the Defendants from using pre-recorded messages, or anyone to do it on their behalf, to call individuals, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

**Stewart Abramson**, individually and on behalf of those similarly situated individuals

Dated: January 13, 2021

/s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*